WORTH *v.* WORTH

DIVORCE—FRAUD—DEFAULT DECREE—ABUSE OF DISCRETION.
  Where plaintiff husband was guilty of fraud and deceit
  in procuring a decree of divorce from his wife, and al-
  though she was, at the time the suit was prosecuted,
  residing in the city of Detroit she was not served with
  personal notice, the court below abused its discretion in
  refusing to set aside the decree against her which took
  from her both her child and property without giving her
  a day in court.

Appeal from Wayne; Hunt (Ormond F.), J.    Sub-
mitted April 12, 1923.    (Docket No. 67.)    Decided
June 4, 1923.

Bill by Lloyd S. Worth against Nina Belle Worth
for a divorce: On petition of defendant to set aside a
default decree and for a rehearing.    From an order
denying the petition, defendant appeals.    Reversed.

*George O. Tackels,* for plaintiff.

*DuBois & DuBois,* for defendant.

MCDONALD, J.    On the 7th day of January, 1921,
plaintiff filed his bill for divorce and procured an
order suppressing the proceedings.    On the filing of
an affidavit in which it was alleged that it could not
be ascertained in what State or county the defendant
resided, an order of publication was made and regu-
larly published.    A copy was mailed to the defendant
at her last known place of residence in the city of
Detroit.    She did not appear.    Testimony was taken
on the 17th day of June, 1921.    On a finding of ex-
treme cruelty a decree for divorce was granted to the

plaintiff.   He was given the custody of the minor child, 8 years of age, which was at that time with the defendant, and awarded all of the property of the parties, consisting of their vendees' interest in a land contract said to be valued at $1,800.

The defendant says she was living in Detroit during all of the time of these proceedings, and that the plaintiff knew of that fact.   At any rate he does not seem to have had any trouble in finding her after he received his decree for he appeared at her home with an officer, served a copy of the decree and demanded possession of the child.   This the defendant refused. She then secured counsel, presented a sworn answer and cross-bill and filed a petition asking that the decree be set aside and a rehearing granted for the reason that she had no notice of the proceedings though she resided all of the time in the city of Detroit; that the affidavit for publication did not comply with the statute and gave the court no jurisdiction; that there was not sufficient competent evidence to sustain the decree; and that the plaintiff was guilty of fraud and deceit.   On the hearing of the petition the circuit judge entered an order denying it, and from this order the defendant has appealed.

Conceding that the circuit judge reached a correct conclusion as to the insufficiency of the proofs to sustain the main allegations of the petition for rehearing, the fact remains that the defendant, through no fault of hers, has not had her day in court.   She was living in the city of Detroit while these divorce proceedings against her were being prosecuted.   She had no knowledge of them.   A decree was entered against her which took from her both her child and her property.   The application to be heard on these matters was addressed to the sound discretion of the court.   Under the circumstances, we think the court

abused its discretion in refusing to set aside the decree and to give her a day in court.   For this reason the order of the circuit judge will be set aside and a rehearing granted.   The defendant will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.